IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                          MEMORANDUM

                    Plaintiff,

                                                                       07-cr-68-bbc

      v.

DION LAKE,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Dion Lake moved on December 2, 2011 for a reduction in his sentence under 18 U.S.C. § 3582. His motion was denied on the ground that the retroactive amendments to the Sentencing Guidelines did not affect his offense level, which would remain 31, because his base offense level was 34 and he received a three-level reduction for acceptance of responsibility. His guideline range would not change from the 188-235 months at his original sentencing. Defendant appealed and the Court of Appeals for the Seventh Circuit reversed this court because, during the sentencing hearing, I had not made a determination of the specific amounts of drugs for which defendant was held responsible, but had merely held that the amount of drugs was between 500 grams and 1.5 kilograms. Specifically, I had concluded that defendant was likely responsible for 1.5 to 4.5 kilograms but that the room for error in those estimates justified a finding that he was responsible for slightly less than 1.5 kilograms. At the time, this drug amount gave defendant a base offense

1

level of 34. The court of appeals remanded the case so that the determination could be made.

Under the retroactive amendments to the guidelines, a person convicted of distributing between 280 grams and 840 grams of crack cocaine has a base offense level of 32 and a person convicted of distributing between 840 grams and 2.8 kilograms has a base offense level of 34. The court of appeals directed the court to decide whether the evidence adduced at sentencing would support a finding that defendant was responsible for distributing more than 840 grams or less than that amount.

In making that determination, I have reviewed the presentence report, the sentencing transcript and the parties' memoranda. I am persuaded that no hearing is necessary and that the record is sufficient to make the determination.

The presentence report summarized information from investigative reports. According to those reports, defendant was the source of supply for a number of individuals. Twelve of them were named in the report, together with the quantities of crack cocaine they had purchased and the approximate dates.

Before sentencing, defendant challenged the amounts attributed to Derrick Garrett and Austin Quince. According to the presentence report, Garrett made 20-30 one-ounce purchases from defendant for a total between 567 to 850 grams and Quince purchased 9 ounces from defendant on four occasions (1020 grams). Presentence Rep., dkt. #41, at 6. The government had these individuals brought to court to testify at the sentencing hearing, but defendant withdrew his request for their testimony. Sentencing Trans., dkt. #46, at 4.

His counsel advised the court that defendant agreed that, if these witnesses were called, they would testify that they purchased from defendant the amounts attributed to them in the presentence report.  Id. at 5.

Taking the smaller amount estimated by Garrett (567 grams) and the four nine-ounce purchases by Quince (1020.6 grams), the total purchased from defendant by these two witnesses exceeds the 840 gram limit for offense level 32 and falls into offense level 34, even without including the 300-plus grams attributed to the other ten customers listed in the presentence report.  Thus, defendant's base offense level remains unchanged from his sentencing.  (Under the amended guidelines, the quantity of cocaine base needed for level 34 is at least 840 grams to 2.8 kilograms.)

It is not necessary to conduct an evidentiary hearing to determine the reliability of the drug amounts discussed in the presentence report.  Defendant had that opportunity at sentencing, when Garrett and Quince were present in the courthouse and their memories were considerably fresher, and he waived it.  Defendant argues that "ambiguities in the present record demand that this Court reject the government's contention and perform a careful inquiry into the specific reliability of the PSR's drug quantity estimates," Sentencing Mem., dkt. #84, at 4, but he does not identify any specific ambiguities.  By waiving his opportunity to put Quince and Garrett under oath at the time of sentencing, defendant agreed in effect to the accuracy of the amounts attributed to them in the presentence report. Any ambiguities in the first sentencing had to do with whether the quantities justified an offense level higher than 34.  Taking the low estimates of drug amounts from Quince and

Garrett, it is clear to me that these two men purchased considerably more than 840 grams of crack cocaine from defendant.

I conclude that defendant Dion Lake was responsible for distributing at least 1,589.6 grams of crack cocaine, which means that his base offense level remains 34.

Entered this 10th day of May, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge